COLLERTON ET ALS. *vs.* M'CLEARY ET ALS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

An order dismissing a rule, which would in effect have operated as a final judgment against the party, requires the signature of the judge.

*McMillen,* for appellant.   *Denis,* for appellee.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

The petitioner states, that the defendant is indebted to him in the sum of seven hundred and eighty-one dollars, for work and labor done, and materials furnished to build a house, which the defendant had contracted to erect, on property of Felix De Armas.

That by the written contract, which was entered into between McCleary and De Armas, it was stipulated, that De Armas should pay sixteen hundred dollars when the plastering was completed, and sixteen hundred dollars when the keys were delivered.

The petitioner avers, that the defendant has failed to pay the debt due by him, and that there is danger the plaintiff may lose his claim and privilege on the house, unless it be provisionally seized.

It concludes with a prayer, that the defendant may be cited, that judgment be rendered against him, and that this judgment be decreed to be a privilege on the amount due for the building of the house.

The defendant was cited, and notice was served on De Armas, that the amount due, by him, was seized.

The defendant appeared, and confessed judgment, whereupon, the counsel for the plaintiffs took a rule on De Armas, to show cause, why judgment should not be rendered against him, for the same amount, as the judgment given against the defendant.

EASTERN DIST.
*March*, 1832.

To this rule, the defendant, among other things, answered, that the plaintiffs could not prosecute him in this manner and form.

And that he had paid the defendant pursuant to contract, and owed him nothing at the time the seizure was made.

An objection is made, in this court, that the appeal is premature, the judgment not having the signature of the judge. The appellant has contended, this objection comes too late, the point not being filed until the day the cause was set for argument. Since the argument, however, the clerk has handed us a paper, in which the same objection was made, and which appears to be filed on the 14th February, he states that it was mislaid, on the day fixed for trial.

We think the objection well taken. The rule asked for judgment against the defendant. Had the plaintiff succeeded, that judgment would have been final, and would have required the signature of the judge. The order dismissing it, is final in the same way a judgment of non-suit would be, which the judge must sign, before it is complete. This case is quite different from the interlocutory orders, to which it was assimilated in argument.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.